**Angela ESTRADA–RODELO,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–70782.
Agency No. A78–490–312.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Terri J. Scadron, Esq., Efthimia S. Pilitsis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

### MEMORANDUM**

Angela Estrada–Rodelo, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of an immigration judge's ("IJ") denial of her application for cancellation of removal. We lack jurisdiction to consider discretionary hardship determinations. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We review for abuse of discretion the BIA's denial of a motion to remand, *Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999), and we review de novo due process challenges, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Estrada–Rodelo's contention that the BIA improperly denied her application for cancellation of removal based on her failure to establish exceptional and extremely unusual hardship to her United States citizen son. *See Romero–Torres,* 327 F.3d at 892.

Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The BIA did not abuse its discretion by denying Estrada–Rodelo's motion to remand based upon new evidence of her marriage, and hardship to her legal permanent resident husband. *See Malhi v. INS*, 336 F.3d 989, 993–95 (9th Cir.2003). The BIA held that Estrada–Rodelo's marriage, which occurred one day after the IJ denied her cancellation application, was one of expediency and that it was unlikely her husband would experience exceptional or extremely unusual hardship upon her removal. The evidence does not compel an opposite result. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The record does not support Estrada–Rodelo's contention that the IJ violated her due process rights by impeding her attempts to present evidence in her own behalf and by unfairly questioning her. *Cf. Colmenar v. INS*, 210 F.3d 967, 971–72 (9th Cir.2000).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**